UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN J. RIORDAN,

                       Plaintiff,

-v-

NEC, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO,

                       Defendant.

23-CV-881 (JPO)

MEMORANDUM AND ORDER

---

J. PAUL OETKEN, District Judge:

      Plaintiff John J. Riordan brings this *pro se* action against the National Executive Council of the American Federation of Government Employees, AFL-CIO ("AFGE"), asserting claims under Sections 101(a)(1), (2), (4) and (5) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 411(a)(1), (2), (4), (5) ("LMRDA").  Before the Court is AFGE's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 12.)  For the reasons that follow, the motion is denied.

**I.    Background**

      The Court assumes familiarity with the facts of the case, as set forth in the Complaint and Plaintiff's opposition brief.  As Plaintiff brings this action *pro se*, the Court reads any additional facts alleged in the opposition brief as supplementing the Complaint.  *See Nielsen v. Rabin,* 746 F.3d 58, 63 (2d Cir. 2014).  These facts are assumed true for the purposes of the pending motion.

**II.   Legal Standards**

    **A.    Rule 12(b)(1) Motion to Dismiss**

      Rule 12(b)(1) requires a claim be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.*

1

*United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff must allege facts establishing that subject matter jurisdiction exists. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). "In a motion to dismiss [for lack of subject matter jurisdiction] pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia*, 259 F.3d 133, 140 (2d Cir. 2001).

While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citations omitted); *Ernst v. Gateway Plaza Mgmt. Corp.*, No. 11-CV-1169, 2012 WL 1438347, at *2 (S.D.N.Y. Mar. 14, 2012) ("In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings.").

B.     **Rule 12(b)(6) Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but it must offer something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In resolving a motion to dismiss, the Court must accept as true all well-pleaded factual allegations

in the complaint, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

Plaintiff is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.*

### III. Discussion

#### A. Rule 12(b)(1) Motion to Dismiss

Defendant argues that the Court lacks subject matter jurisdiction because Riordan's allegations are preempted by the Civil Service Reform Act (CSRA), which provides administrative remedies that "cannot [be] circumvent[ed] . . . by instead bringing a suit in district court." *AFGE v. Secretary of Air Force*, 716 F.3d 633 (D.C. Cir. 2013). Defendant contends that Riordan's claims are subject to the CSRA's exclusive remedial scheme because they arise from his membership in "[b]oth AFGE Local 3369, a labor organization consisting entirely of federal employees, and AFGE National, a labor organization composed almost entirely of federal employees." (ECF No. 14 at 9.) Defendant's jurisdictional argument fails, however, because "almost entirely" is not the same as "entirely."

Courts have held that the LMRDA grants federal courts subject matter jurisdiction over claims involving "mixed unions" with both public sector and private sector members. *See, e.g., Martinez v. AFGE,* 980 F.2d 1039, 1041-42 (5th Cir. 1993); *Hester v. International Union of Operating Eng'rs,* 818 F.2d 1537, 1541 (11th Cir. 1987); *Wildberger v. AFGE*, 86 F.3d 1188 (D.C. Cir. 1996); *Hudson v. AFGE*, 318 F.3d Supp. 7 (D.D.C. 2018). Even though Riordan's local does consist exclusively of federal employees, its parent organization, AFGE National, is, concededly, a mixed union. And in *Wildberger*, the D.C. Circuit held that a plaintiff "does not

3

lose LMRDA protection merely because his local consists only of government employees." 86 F.3d at 1192.  Furthermore, in prior litigation in this District between the same parties now before the Court, neither the Defendant nor Judge Scheindlin, *sua sponte*, raised the issue of preemption by the CSRA.  *See Riordan v. AFGE*, No. 01-CV-1136, 2001 WL 1352464 (S.D.N.Y. Nov. 1, 2001).  The Court also agrees with Plaintiff that this Complaint is distinct from his complaint filed with the Department of Labor.  Accordingly, the Court concludes that it has subject matter jurisdiction under the LMRDA and denies the 12(b)(1) motion to dismiss.

      **B.**      **Rule 12(b)(6) Motion to Dismiss**

Riordan's claims arise from a three-year suspension he received from AFGE Local 3369 on December 16, 2021.  Riordan alleges that Local 3369 suspended him in retaliation for raising concerns about financial mismanagement by the union leadership, including by filing a complaint with the Department of Labor (DOL) on October 4, 2021, reporting the theft of union funds.  Riordan alleges that the charges brought against him, which concerned his role in a union election committee a year earlier, were pretextual and that Local 3369 actually intended to suppress his speech and to retaliate against him.  Riordan further alleges that AFGE's National Executive Council (NEC) refused to hear his appeal of the suspension, purportedly based upon a policy of not considering internal appeals that are also the subject of a complaint lodged with a federal agency.  Riordan alleges, however, that his DOL complaint dealt specifically with the possible theft of union funds and had nothing to do with the election-related charges that led to his suspension.

In sum and substance, Riordan's Complaint alleges that AFGE violated his rights under the LMRDA by refusing to review his appeal and fully adjudicate it on the merits.[1]  Reading Plaintiff's submissions liberally to support the strongest arguments that they suggest, the Court concludes that Riordan has stated a facially plausible claim for relief.  Specifically, Riordan has alleged, in effect, that the NEC had no rational basis for denying his appeal because even under its own purported policy, the DOL complaint did not concern the same subject as his internal appeal.  Riordan has also plausibly alleged, in effect, that NEC's arbitrary and capricious actions denied him his rights under the LMRDA, such as his rights of union membership, free speech, and due process.  He has also plausibly alleged that NEC's refusal to adjudicate his appeal has had a retaliatory and chilling effect on his rights to institute a judicial or administrative action.

Because discovery has not yet commenced and because pertinent facts, like the NEC's purported policy, are not yet before the Court, it is premature to dismiss any of Riordan's claims under the specific provisions of the LMRDA.  Further factual development is required.  Accordingly, the Court denies the Rule 12(b)(6) motion to dismiss.

**IV.   Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is DENIED.  Defendant is directed to file an answer to the Complaint within 21 days of the date of this order.

The Clerk of Court is directed to close the motions at ECF Numbers 12 and 14.

SO ORDERED.

Dated: March 26, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] The Court distinguishes the facts of this case from those in *Rodonich v. House Wreckers Union Loc. 95 of Laborers' Int'l Union,* 817 F.2d 967 (2d Cir. 1987), which involved an international union that affirmed the unlawful discipline of a union local *after* hearing an internal appeal.