UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
JOHN J. RIORDAN,                                        :
                                                        :
                              Plaintiff,                :        23-CV-00881 (JAV)
                                                        :
        -v-                                             :        OPINION AND ORDER
                                                        :
NATIONAL EXECUTIVE COUNCIL, et al.,                     :
                                                        :
                              Defendants.               :
                                                        :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

    *Pro se* Plaintiff John J. Riordan ("Plaintiff") brings this action against the

American Federation of Government Employees, National Executive Council

("AFGE") and American Federation of Government Employees, Local 3369 ("AFGE

Local") asserting claims under Sections 101(a)(1), (2), (4) and (5) of the Labor-

Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(1), (2), (4), (5)

("LMRDA").  Before the Court is AFGE Local's motion to dismiss the Amended

Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure.  ECF No. 53.  For the reasons that follow, the Motion is **GRANTED**.

## BACKGROUND

    Plaintiff commenced this action by filing a complaint against Defendant

AFGE alleging violations of the LMRDA on or about February 2, 2023.  ECF No. 1.

The Court denied AFGE's motion to dismiss the Complaint.  ECF No. 22.

    Plaintiff subsequently moved for leave to amend the Complaint to plead

additional facts and add AFGE Local as a defendant.  ECF No. 42.  The Court

granted the motion.  ECF No. 44.  Plaintiff filed his Amended Complaint on or about March 6, 2025.  ECF No. 48.

In his Amended Complaint, Plaintiff alleges that AFGE Local "is a labor union that represents federal and retired employees who work or worked for the Social Security Administration in New York City, Long Island, and Westchester County." *Id.* at 5.  He alleges that AFGE is a labor union representing federal and private sector employees, including members of AFGE Local.  *Id.*

Plaintiff alleges that he has been an AFGE member since December 1976, but that in December 2021 AFGE Local suspended his membership for three years. *Id.*  Plaintiff thereafter appealed his suspension to the AFGE National Executive Committee.  Plaintiff alleges that AFGE's National Executive Committee failed to consider his appeal in retaliation for filing a complaint with the Department of Labor.  *Id.*  According to the Amended Complaint, Plaintiff's appeal was subsequently granted by the AFGE National Convention in August 2024, but AFGE Local refused to reinstate his membership.  *Id.* at 5-6.

## LEGAL STANDARDS

### A.    Rule 12(b)(1)

Rule 12(b)(1) requires a claim be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff must allege facts establishing that subject matter jurisdiction exists. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).  "In a motion to dismiss

2

[for lack of subject matter jurisdiction] pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001). A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). If, however, "jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Id.* (quotation marks and citations omitted); *see also Ernst v. Gateway Plaza Mgmt. Corp.*, No. 11-CV-1169, 2012 WL 1438347, at *2 (S.D.N.Y. Mar. 14, 2012) ("In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings."). In such a case, "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon*, 752 F.3d at 243 (quotation marks and citation omitted).

**B.    Rule 12(b)(6)**

On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in favor of the non-moving party. *Romanova v. Amilus Inc.*, 138 F.4th 104, 108 (2d Cir. 2025). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v.*

3

*Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the standard] requires more than labels[,] . . . conclusions, and a formulaic recitation of a cause of action's elements . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "The Court's charge in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Jennings v. Hunt Companies, Inc.*, 367 F. Supp. 3d 66, 69 (S.D.N.Y. 2019) (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 176 (2d Cir. 2004)).

## DISCUSSION

Section 412 of the LMRDA confers federal jurisdiction over suits by persons alleging that their statutory rights were infringed by a "labor organization." *See* 29 U.S.C. § 412. The term "labor organization" is defined as an entity that "exists for the purpose, in whole or in part, of dealing with employers" regarding various terms of employment. *Id.* § 402(i). Both federal and state governments are excluded from the definition of "employer." *Id.* § 402(e). "Thus, unions that represent only public sector employees—*i.e.*, employees of 'State[s] or political subdivisions thereof'—are not subject to the LMRDA." *Medford v. Civ. Serv. Emps. Ass'n, Inc.*, 290 F. Supp. 3d 174, 179 (E.D.N.Y. 2017); *see also Commer v. McEntee*, 283 F. Supp. 2d 993, 997 (S.D.N.Y. 2003).

4

It is undisputed that AFGE Local is comprised exclusively of public sector employees, specifically former federal employees of the Social Security Administration. *See* ECF No. 48 at 5; ECF No. 54-1 at 2. In opposition to the motion, Plaintiff argues this Court previously ruled "that it has jurisdiction over this complaint because AFGE 3369 falls under the LMRDA." ECF No. 62 at 6. This is incorrect. In the Court's March 26, 2024 decision, the Court ruled that it had jurisdiction over the national union, AFGE, because AFGE is a mixed union with both public sector and private sector members. ECF No. 22 at 3-4. The Court held this was so even though Plaintiff's local union consists exclusively of federal employees. *Id.* In doing so, the Court relied on *Wildberger v. AFGE*, 86 F.3d 1188 (D.C. Cir. 1996). *Id.* The Court did not reach the question of whether it had jurisdiction over AFGE Local, which was not at that time a party to the case.

Nor is *Wildberger* itself to the contrary. In *Wildberger*, the D.C. Circuit noted that "although . . .[LMRDA's implementing] regulations provide that locals composed purely of government employees are not subject to the Act, the regulations are silent on whether the Act protects members of such locals from actions of the mixed union parent." *Wildberger*, 86 F.3d at 1192. The D.C. Circuit concluded that even though claims against the public employee local union might be precluded, a party could still bring claims against the mixed union parent organization. *Id.* at 1193.

Accordingly, AFGE Local is not a labor organization within the meaning of the LMRDA. This Court therefore lacks subject matter jurisdiction under the

LMRDA as to the claims asserted against AFGE Local. *Medford*, 290 F. Supp. 3d at

181.

## CONCLUSION

The motion to dismiss the Amended Complaint as to AFGE Local is

**GRANTED**.  The Clerk of Court is instructed to terminate AFGE Local as a

defendant, and to terminate ECF No. 53.

SO ORDERED.

Dated:  June 26, 2026
        New York, New York                    _____
                                              JEANNETTE A. VARGAS
                                              United States District Judge